UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SNYDER,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES TIMES; TRIBUNE PUBLISHING; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and TRIBUNE MEDIA,<br><br>Defendants. | Case No. 2:16-cv-02680-TLN-EFB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

This matter is before the Court pursuant to Plaintiff Michael Snyder's ("Plaintiff") Motion to Remand. (ECF No. 10.) Defendant The Prudential Insurance Company of America ("Prudential") filed an opposition. (ECF No. 18.) Defendants Los Angeles Times and Tribune Publishing Company (collectively, "Times/Tribune") also filed an opposition. (ECF No. 20.) Plaintiff filed a reply. (ECF No. 24.) For the reasons set forth below, Plaintiff's Motion to Remand (ECF No. 10) is GRANTED.

///

///

///

///

1

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In his motion, Plaintiff alleges he was employed by Los Angeles Times (purchased by Tribune Media in 2000) as a packager/ distribution employee at a plant from 1978 until at least 2004, possibly as late as 2006.  (ECF No. 10-2 at ¶¶ 1–2.)  The details of when, why, and how, Plaintiff left the Times/Tribune payroll are much debated between the parties in the moving papers and oppositions.  (ECF No. 10-2 ¶¶ 2–7; ECF No. 18 at 7–9; ECF No. 20 at 5–7.)  Plaintiff alleges he signed an agreement with Times/Tribune in 2006 or 2007 under which Times/Tribune would pay Plaintiff $2,187.00 per month until age 65.  (ECF No. 10-2 ¶¶ 4–5.)  Plaintiff alleges Times/Tribune stopped making payments to him in December 2015.  (ECF No. 10-2 ¶ 7.)

Plaintiff filed suit in the Superior Court of the State of California in Shasta County on June 7, 2016, against Prudential and Times/Tribune.  (ECF No. 1-1 at 1.)  Plaintiff alleged two state law causes of action: breach of contract and an intentional tort.  (ECF No. 1-2 at 1.)  Plaintiff's allegations in his state court complaint are sparse.

In his state breach of contract cause of action, Plaintiff alleged he entered into a written agreement with Times/Tribune "about 2005" under which "Plaintiff was to receive $2,127.69 in payments till age 65."  (ECF No. 1-2 at 4.)  Plaintiff further alleged that in December 2015, Times/Tribune and Prudential breached the agreement because "[t]hrough its agent and representative, Prudential Insurance Company failed and refused to make payments required under the contract."  (ECF No. 1-2 at 4.)  Plaintiff alleged he suffered "[l]oss of monthly income of approximately $2,127.69 per month, emotional distress, general damages, loss of enjoyment of life."  (ECF No. 1-2 at 4.)

In his intentional tort cause of action, Plaintiff alleged that starting in December 2015,
> Defendants, and each of them stopped making payments for no legitimate reason.  Prudential Insurance Company has a first party duty to Plaintiff and all the parties have a fiduciary duty to Plaintiff.  What the defendants have done is wrongful and intentionally planned to prevent Plaintiff from receiving money to which he is entitled.

(ECF No. 1-2 at 5.)  Prudential removed the suit based on federal question jurisdiction, alleging Plaintiff's suit sought to recover disability benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.  (ECF No. 1 at 1–2.)  Times/Tribune

joined the removal. (ECF No. 2 at 1.) Plaintiff now moves to remand. (ECF No. 10 at 1.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 60–61 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Plaintiff moves to remand, arguing that this Court lacks jurisdiction because Plaintiff filed his complaint in state court, alleges only state law violations in that complaint, and he does not assert an ERISA claim or any type of federal claim in his complaint, on which removal must be based. (ECF No. 10-1 at 1–2.) Prudential and Times/Tribune argue Plaintiff's claims relate to a long term disability ("LTD") plan Times/Tribune provided for its employees and Prudential administered, the LTD plan is unambiguously an ERISA covered plan, and Plaintiff's claims are therefore completely preempted by ERISA. (ECF No. 18 at 10, 15; ECF No. 20 at 10–11.) Plaintiff replies he does not seek enforcement of a LTD plan, his payments were unrelated to

3

LTD or any ERISA plan, and he seeks only enforcement of a contract. (ECF No. 24 at 3–5.)

"[T]he defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. There is an exception when a plaintiff alleges state law claims that are completely preempted by ERISA. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944–45 (9th Cir. 2009). Complete preemption converts "an ordinary state common law complaint into one stating a federal claim for purposes of the well pleaded complaint rule." *Id.* at 945. A state law claim is completely preempted by ERISA if "(1) an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B), and (2) where there is no other independent legal duty implicated by the defendant's actions." *Id.* at 946.

Plaintiff's state court complaint is, as previously noted, sparse. (ECF No. 1-2 at 3–6.) All the allegations in that complaint are captured in two paragraphs in the Factual Background and Procedural History section above. For removal to be proper, the federal question must be presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar*, 482 U.S. at 392. Plaintiff's brief allegations do not allege a violation of ERISA, either explicitly or implicitly. Times/Tribune characterizes this as "Plaintiff's careful attempt to not use any terms to identify ERISA principles underlying his claim." (ECF No. 20 at 12.)

In their oppositions, Prudential and Times/Tribune make arguments about the mechanism used for the payments to Plaintiff, the implication of that mechanism, their roles in the payments and company policies, to show that the payments could or may have been related to a plan which would qualify as an ERISA plan. Prudential argues (i) its only role is administering an LTD plan for Times/Tribune which is an ERISA covered plan, and (ii) if Plaintiff seeks to enforce a separate contract between himself and Times/Tribune, then the Court should dismiss Prudential from this suit. (ECF No. 18 at 11, 13, 15–16.) Times/Tribune argues the only benefits Plaintiff was eligible to receive, whether disability or severance, would be governed by ERISA, and therefore Plaintiff's state law claims are subject to ERISA preemption. (ECF No. 20 at 9.)

However, the Court looks to the content of Plaintiff's state court complaint in evaluating a motion to remand, and the defendants have not shown the state law claims Plaintiff asserts in his complaint are entirely encompassed by ERISA. *Caterpillar*, 482 U.S. at 392; *Marin*, 581 F.3d at 945. Courts "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566. Accordingly, the defendants have not met their burden of establishing that removal is proper and the Court remands the case back to state court. *Id*. at 566.

**IV.  CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion to Remand (ECF No. 10). The Clerk of the Court is directed to dismiss this case and all pending motions.

IT IS SO ORDERED.

Dated: 1/22/2018

Troy L. Nunley
United States District Judge